UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JOYCE YEARBY, d/b/a § | |
| MAURY FUNERAL SERVICES, § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | |
| § | |
| YORK CASKET COMPANY, § | |
| NASHVILLE WILBERT VAULT CO., § | CIVIL ACTION NO. H-06-1719 |
| BATESVILLE CASKED CO., § | |
| AURORA CASKET CO., § | |
| DELTA CASKET CO., § | |
| TENNESSEE VAULT & GRAVE, INC., § | |
| OAKES & NICHOLS FUNERAL HOME, § | |
| and § | |
| WILLIAMS FUNERAL HOMES, § | |
| § | |
| Defendants. § | |

## MEMORANDUM AND ORDER

Pending in this antitrust action is Defendant Bickes, Inc. d/b/a Nashville Wilbert Vault Co.'s ("Nashville Wilbert") motion to dismiss for lack of personal jurisdiction, pursuant to FED. R. CIV. P. 12(b)(2). After reviewing the parties' filings and the applicable law, the Court finds that the motion, Docket No. 3, should be and hereby is **GRANTED** and that Plaintiff Joyce Yearby's Complaint against Nashville Wilbert should be and hereby is **DISMISSED WITHOUT PREJUDICE**.

Nashville Wilbert is an Illinois corporation with its principal place of business in Nashville, Tennessee. Yearby is the proprietor of Maury Funeral Services ("MFS"), a Tennessee funeral home. This suit arises from Defendants' alleged collaboration (in Tennessee) to drive MFS out of business by refusing to provide it with caskets and vaults. Nashville Wilbert does no business in Texas; has no offices, agents, or employees in

Texas; and owns no property in Texas.  Yearby argues, however, that this Court has personal jurisdiction over Nashville Wilbert because federal antitrust law confers national jurisdiction upon every federal court.

Plaintiff is incorrect.  The classic test of personal jurisdiction is the "minimum contacts" standard established by the Supreme Court in *International Shoe Co. v. State of Washington*, 326 U.S. 310 (1945).  The *International Shoe* Court held that the due process clause of the Fourteenth Amendment prohibits federal courts from asserting personal jurisdiction over parties who lack "certain minimum contacts with [the forum] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice."  *Id.* at 316 (internal quotation marks omitted).  Minimum contacts exist where a defendant has purposefully availed itself of the benefits and protections of the forum state.  *Asahi Metal Indus. Co. v. Superior Court*, 480 U.S. 102, 112 (1987).

The Clayton Act provides that an antitrust suit may be brought in the forum wherein the defendant resides or in any forum "wherein it may be found or transacts business."  15 U.S.C. § 22.  Contrary to Plaintiff's assertions, that Act self-evidently does not "grant[ ] *any* federal court jurisdiction over corporate Defendants."  (Pl.'s Resp. to Def.'s Mot. to Dismiss at 4 (emphasis added).)  Rather, it essentially reiterates the minimum contacts standard.

Nashville Wilbert lacks minimum contacts with the state of Texas.  Indeed, the only hint of *any* connection between Nashville Wilbert and Texas is Plaintiff's conclusory assertion, in her response to the motion to dismiss, that Nashville Wilbert maintains an Internet presence in Texas.  This unsubstantiated statement – which does not appear in Plaintiff's Complaint – cannot defeat dismissal.  In fact, even if Plaintiff could

show that Nashville Wilbert maintains an Internet site that is accessible from Texas, such a showing would not, in itself, sustain Plaintiff's claim. *See Revell v. Lidov*, 317 F.3d 467, 470 (5th Cir. 2002) ("A 'passive' website, one that merely allows the owner to post information on the [I]nternet, . . . . will not be sufficient to establish personal jurisdiction.").

Plaintiff correctly points out that Rule 4(k)(2) of the Federal Rules of Civil Procedure confers, upon all federal courts, personal jurisdiction over "foreign defendants for claims *arising under federal law* when the [d]efendant has sufficient contacts with the nation as a whole to justify the imposition of United States[ ] law but [is] without sufficient contacts to satisfy the due process concerns of the long-arm statute of any particular state." (Pl.'s Resp. at 4 (quoting *World Tanker Carriers Corp. v. M/V Ya Mawlaya*, 99 F.3d 717, 720 (5th Cir. 1996) (emphasis in original)).) Rule 4(k)(2) does not, however, apply to Nashville Wilbert, which is not a foreign defendant but, rather, a domestic corporation, and which is subject to jurisdiction in both the state of its incorporation (Illinois) and the state where it maintains its principal place of business (Tennessee). Accordingly, Defendant Nashville Wilbert's motion to dismiss is hereby **GRANTED**, and this case is hereby **DISMISSED WITHOUT PREJUDICE** for lack of personal jurisdiction.[1]

---

[1] Because this Court lacks jurisdiction, it declines to discuss, in any depth, Plaintiff's venue argument. It suffices to note that Plaintiff's attempt to invoke 28 U.S.C. § 1391(b)(3), which authorizes venue in a district where any defendant is found *if no other district is available*, is unavailing, since venue lies in another district – namely, Tennessee – under § 1391(b)(2) ("a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred").

**IT IS SO ORDERED**.

**SIGNED** at Houston, Texas, on this the 11th day of July, 2006.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

**TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES
THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY
OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH
THEY MAY HAVE BEEN SENT ONE BY THE COURT.**